UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTINE BEDARD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 1:23-cv-11728-IT |
| | * |
| SOUTHCOAST HOSPITALS GROUP, INC., | * |
| | * |
| Defendant. | * |

MEMORANDUM & ORDER

February 10, 2025

TALWANI, D.J.

Before the court is Defendant Southcoast Hospitals Group, Inc.'s ("Southcoast") Motion for Judgment on the Pleadings [Doc. No. 33], in which Southcoast argues that Plaintiff Christine Bedard's complaint asserting employment discrimination based on religion in violation of Title VII of the Civil Rights Act of 1964 and M.G.L. c. 151B must be dismissed for failure to plausibly allege that the beliefs preventing her from receiving the COVID-19 vaccine were religious beliefs. For the reasons discussed below, the Motion is DENIED.

I. **Standard of Review**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Where "a motion for judgment on the pleadings 'is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss.'" Shay v. Walters, 702 F.3d 76, 82 (1st Cir. 2012). In evaluating a motion to dismiss for failure to state a claim, the court assumes "the truth of all well-pleaded facts" and draws "all reasonable inferences in the plaintiff's favor." Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006). To survive dismissal, a complaint must contain sufficient factual

material to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. at 555 (internal citations omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." Id. at 566. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"In reviewing a motion under Rule 12(c), . . . [the court] may consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.' . . . This is true even when the documents are incorporated into the movant's pleadings." Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (citations omitted).

## II.    Factual Background as Alleged by Plaintiff

In July 2021, during the COVID-19 pandemic, Southcoast implemented a mandatory COVID-19 vaccination policy for its employees. State Court Record at 45 (Amended Complaint) ¶ 4 [Doc. No. 5]. The policy allowed exemptions for, among other reasons, sincerely held religious beliefs. Id. ¶ 5. Bedard was employed by Southcoast as a Registered Nurse at the time the policy went into effect. Id. ¶ 3.

Bedard made a timely request for religious accommodation. Id. ¶ 6. Bedard believes "that to be vaccinated with the COVID-19 vaccine would be a violation of her religious beliefs because the vaccine was developed using cell lines from aborted babies." Id. ¶ 17.

Bedard's written request to Southcoast for an exemption stated in full: "I am choosing to exercise my rights under the US constitution to receive Religious Exemption from vaccination

due to my genuine and sincere beliefs. I strongly support the deeply held Biblical conviction as a believer in, and follower of Jesus Christ to resist the pressure for vaccinations." Def.'s Mot. for Judgment on the Pleadings ("MJOP"), Att. 3 (Request for Religious Exemption) [Doc. No. 33-3]. Southcoast denied her request on November 3, 2021, without an opportunity for appeal. Am. Compl. ¶¶ 7-8 [Doc. No. 5].

Bedard was on paid maternity leave at least as of November 11, 2021. See id. ¶ 9. On that day, Southcoast issued Bedard a letter stating that if she did not comply with the vaccine policy by November 15, 2021, she would be placed on an unpaid leave of absence starting November 16, 2021. Id.

On March 6, 2022, Bedard returned to work from maternity leave. Id. ¶ 10. On March 30, 2022, Bedard was terminated for failure to comply with the vaccine policy. Id. ¶ 11.

### III.  Discussion

To state a claim for religious discrimination under both Title VII and Chapter 151B, a complaint must assert facts from which one "can infer the following four elements: (1) that [the plaintiff] has beliefs that are religious and sincerely held, and (2) that her employer imposed upon her an employment requirement (3) that conflicted with those beliefs and (4) 'was the reason for the adverse employment action.'" Thornton v. Ipsen Biopharmaceuticals, Inc., 126 F.4th 76, 81 (1st Cir. 2025) (citation omitted).[1] Defendant's motion challenges Bedard's pleadings as to the first element.

---

[1] The Thornton court recognized that while "Chapter 151B 'has been interpreted largely to mirror Title VII,' the Supreme Judicial Court of Massachusetts at times construes the Massachusetts statute more broadly to effectuate the legislature's direct to apply it liberally.'" Id. (internal citations omitted). As in Thornton, "[n]either party has identified a material distinction between the federal and state laws," id., for purposes of this motion, and accordingly, the court uses a single framework of analysis.

3

"The requirement that the employee have a 'bona fide religious belief' is an essential element" of the claim. EEOC v. Unión Independiente de la Autoridad de Acueductos y Alcantarillados de Puerto Rico, 279 F.3d 49, 55-56 (1st Cir. 2002) ("Unión Independiente"). The employee must show "both that the belief or practice is religious and that it is sincerely held." Id. at 56. Southcoast challenges only the first part of this element, arguing that Bedard's religious belief is not a bona fide one, but otherwise "conced[ing] for purposes of this motion that Plaintiff's beliefs are sincerely held." Def.'s Mem. ISO MJOP at 5 [Doc. No. 34].

"[O]nly beliefs rooted in religion are protected by the Free Exercise Clause" of the Constitution, and a "[p]urely secular view[]" or a "purely personal preference" will not suffice for protection. Frazee v. Illinois Dep't of Emp. Sec., 489 U.S. 829, 833 (1989) (citations omitted). Nonetheless, religion has a "capacious definition," and there is "little room for a party to challenge the religious nature of an employee's professed beliefs." Unión Independiente, 279 F.3d at 56.

As an initial matter, the court must ascertain what Bedard has alleged as to her religious beliefs.[2] In her exemption request, she expressed a "deeply held Biblical conviction as a believer in, and follower of Jesus Christ to resist the pressure for vaccinations." MJOP, Att. 3 [Doc. No. 33-3]. In her Amended Complaint, she elaborates that "to be vaccinated with the COVID-19 vaccine would be a violation of her religious beliefs because the vaccine was developed using cell lines from aborted babies." Am. Compl. ¶ 17 [Doc. No. 5].

The court is mindful that it "should not undertake to dissect religious beliefs because the believer['s] . . . beliefs are not articulated with the clarity and precision that a more sophisticated

---

[2] The court declines to consider the assertions and elaborations about the basis for Bedard's beliefs that are raised only in her opposition brief. See, e.g., Pl.'s Opp. at 4 [Doc. No. 35].

4

person might employ." Thomas v. Rev. Bd. of Indiana Emp. Sec. Div., 450 U.S. 707, 715 (1981). And although the pleadings do not spell out explicitly how Bedard's religious beliefs are violated by an association with aborted babies, the inference is supplied at the pleading stage by her "Biblical conviction" and assertion that she is a "believer in, and follower of Jesus Christ." MJOP, Att. 3 [Doc. No. 33-3]. The veracity of these allegations as to her beliefs and the inferences to be drawn from them are not for the court to determine on a Rule 12(c) motion.[3]

Instead, the court must determine whether these beliefs, taken as her true beliefs, suffice to allege the first element of her religious discrimination claim, namely that she had a bona fide religious belief. The First Circuit recently allowed such a claim to proceed where the plaintiff alleged "the tenets of her religion prohibited her from defiling her perfectly created body, and that her prayers and guidance from the Holy Spirit informed her beliefs that receiving the COVID-19 vaccine would violate that tenet of her faith." Thornton, 126 F.4th at 83. The First Circuit has also found allegations about the COVID-19 vaccine being derived from aborted fetuses to be sufficient for forming a religious objection where the plaintiff "explained that taking the vaccine would make her complicit in the performance of abortions which would be 'an aberration to [her] Christian faith'" and also provided "numerous quotations from religious sources that she says support her view." Bazinet, 113 F.4th at 16.

The court finds Bedard's allegations sufficient at the pleading stage. Bedard alleges that her Biblical conviction is to resist the pressure to be vaccinated, see MJOP, Att. 3 [Doc. No. 33-3], and that taking this particular vaccine would violate her religious beliefs because she believes

---

[3] Whether Bedard is "mistaken in believing that the COVID-19 vaccines were developed from fetal tissue obtained from aborted fetuses" is irrelevant for the court's consideration at this stage. Bazinet v. Beth Israel Lahey Health, Inc., 113 F.4th 9, 16 (1st Cir. 2024).

it was developed using cell lines from aborted babies, Am. Compl. ¶ 17 [Doc. No. 5]. These allegations, taken as true, are sufficient to state a claim of a bona fide religious belief on a Rule 12(c) motion. See Bazinet, 113 F.4th at 16.[4]

### IV.     Conclusion

Because Bedard has sufficiently alleged the first element of her only remaining cause of action and Southcoast has not challenged the other elements at the pleading stage, Southcoast's Motion for Judgment on the Pleadings [Doc. No. 33] is DENIED.

IT IS SO ORDERED.

February 10, 2025                                /s/ Indira Talwani
                                                 United States District Judge

---

[4] The court does not address Bedard's constitutional arguments, see Pl.'s Opp. at 5-6 [Doc. No. 35], which do not respond to Southcoast's pending motion and are directed instead to constitutional claims that Bedard voluntarily dismissed before that motion was filed. See Stipulation of Dismissal [Doc. No. 22]; Electronic Order [Doc. No. 23]. Nor does the court address Bedard's estoppel argument, which is now moot. See Pl.'s Opp. at 3 [Doc. No. 35].